The Honorable Roger Smith State Representative #13 Pego Way Hot Springs Village, AR 71909-2838
Dear Representative Smith:
You have presented the following question for my opinion:
 Does A.C.A. § 24-10-607 require a specific point in time by which the application referenced therein must be filed, and if so, what is that point in time?
You indicate, in particular, a concern with the issue of whether the statute permits the application to be filed after the termination of active employment.
RESPONSE
Summary of Conclusion
It is my opinion that although A.C.A. § 24-10-607 currently[1] does not explicitly designate a particular deadline by which the application referenced therein must be filed, its language appears to indicate an intent to require that the application be filed before the termination of active employment.
Discussion
Before proceeding to discuss the issue you have raised, I must note that the Arkansas Supreme Court has not addressed this issue. Pending interpretation by the court (or clarification by the General Assembly), I believe that the interpretation of A.C.A. § 24-10-607 set forth below is reasonable.
A.C.A. § 24-10-607 provides for disability retirement benefits under various circumstances for retirees under the Local Police and Fire Retirement System (LOPFI). The statute requires that an application for such benefits be filed with the LOPFI board by or on behalf of the disabled member. Although the statute does not state a specific time for the filing of the application, the language of the statute appears to indicate that the application must be filed before the termination of active employment. The pertinent section of the statute states:
 (a)(1)(A) Any active member with five (5) years of credited service, including credited service for seventy-five percent (75%) of the two (2) years immediately preceding his or her disability, who becomes totally and permanently physically or mentally incapacitated for any suitable duty as an employee as a result of a personal injury or disease may be retired by the board upon written application filed with the board by or on behalf of the member.
A.C.A. § 24-10-607(a)(1)(A) (emphasis added). It should be noted that similar language is used in A.C.A. § 24-10-607(c)(1)(A), concerning members who are disabled in the line of duty.
I interpret the requirement that the application be filed "by or on behalf of the member" to indicate that the application must be filed before the termination of active employment. It is only before the termination of active employment that the individual is deemed to be a "member." See A.C.A. § 24-10-504(a) ("When a member is no longer employed by any employer in covered employment, he or she shall thereupon cease to be a member of the Arkansas Local Police and Fire Retirement System.") If the application were filed after the termination of active employment, it would not be filed by or on behalf of a member, but rather, by or on behalf of a former member.
For this reason, pending a judicial interpretation to the contrary (or clarifying legislation that indicates otherwise), I must conclude that although A.C.A. § 24-10-706 does not explicitly designate a time period during which the application for benefits must be filed, the statute should be interpreted to require that the application be filed before the termination of active employment.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] HB 1123, which would amend A.C.A. § 24-10-607 to designate a specific time period for filing the application, is currently pending before the General Assembly.